**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3030
_____

JOHN DUGLAS DOR,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A040-133-581)
Immigration Judge:  Jack H. Weil
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2022
Before:  RESTREPO, PHIPPS and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 9, 2022 )
_____

OPINION[*]
_____

PER CURIAM

        John Duglas Dor, proceeding pro se, petitions for review of an order of the Board

of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") decision

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

denying his application for relief from removal.  We will deny the petition for review.

Dor, a 44-year-old native and citizen of Haiti, came to the United States in 1980 with his parents when he was about three years old.  He returned to Haiti in 1985 and was admitted to the United States as a lawful permanent resident that same year.  In 2003, Dor was convicted in Georgia state court of theft by receiving stolen property and possession of less than one ounce of marijuana.  He was convicted of burglary in 2007.[1]

In 2014, Dor took a cruise outside the United States.  After he returned, he was served with a Notice to Appear charging that he was subject to removal as an arriving alien who was inadmissible for having committed a crime involving moral turpitude and for violating a law relating to a controlled substance.  Hearings were apparently first held in 2019 in an Immigration Court in Georgia.  Dor's hearings were continued because he was in federal custody.[2]

Dor was ultimately taken into immigration custody and venue in his immigration case was changed to the York, Pennsylvania Immigration Court.  Through counsel, Dor conceded that he was removable.  He applied for relief under the Convention Against Torture.  At his hearing, Dor testified that he was not harmed when he was in Haiti as a

---

constitute binding precedent.

[1] Dor received probation for his offenses in 2003 under Georgia's First Offender Act and was not adjudicated guilty.  It appears that he was adjudicated guilty of these crimes when he was convicted of burglary in 2007 and thereby violated his probation.

[2] Dor was convicted of possession with intent to deliver heroin and sentenced in 2020.

young child. He was not aware of any harm to his parents when they lived there. Dor, however, was afraid that he would be kidnapped and tortured in Haiti because he would be a deportee with a drug conviction. He had read in the news and in government reports that such deportees were being kidnapped and tortured until ransoms were paid. Dor said that this had happened to his friend in 2011 or 2012. He believed criminals in Haiti have ties to the police, politicians, and the military. Dor identified the Zenglendos as a gang that is kidnapping deportees (although he fears all gangs) and the ex-Tonton Macoutes as government officials involved in the criminal activity. Dor was also afraid because he has no family in Haiti and he does not know the country.

The IJ found Dor credible but ruled that he had not satisfied his burden for CAT relief. The IJ found no evidence supporting his claim that a public official who was a Tonton Macoute or Zenglendo would harm him. The IJ stated that Dor's stronger claim was that gang members would target him but decided that the evidence did not establish a clear probability that he would be harmed with the acquiescence of a government official. The IJ explained that reports of government involvement with gangs were not substantiated and that it appeared that the government was taking action against gangs. Although the IJ found that Dor's concerns for his safety were justified due to the large gang presence and general conditions of violence in Haiti, he noted that Dor had not identified a gang that was interested in him or had threatened him. And the IJ found insufficient evidence establishing a clear probability that he would be tortured because he

had been deported or convicted of a drug offense. In addition, the IJ ruled that Dor did not qualify for asylum and withholding of removal because his fear of harm was not on account of a statutorily protected ground.

Counsel filed a notice of appeal on Dor's behalf but did not enter an appearance. Dor was notified that he was not represented; however, he did not file a brief. The BIA affirmed, without opinion, the results of IJ's decision. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Because Dor is a criminal noncitizen, our jurisdiction is generally limited to constitutional claims and questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (D). We have jurisdiction, however, to consider factual challenges to the denial of CAT relief, which we review for substantial evidence. Nasrallah v. Barr, 140 S. Ct. 1683, 1692 (2020). Under this deferential standard of review, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To obtain CAT relief, Dor was required to establish that "it is more likely than not that he . . . would be tortured if removed" to Haiti. 8 C.F.R. § 1208.16(c)(2); Galeas Figueroa v. Att'y Gen., 998 F.3d 77, 92 (3d Cir. 2021). An IJ must make a factual finding as to what is likely to happen to a noncitizen if removed and decide whether what is likely to happen amounts to the legal definition of torture. Myrie v. Att'y Gen., 855 F.3d 509, 516 (3d Cir. 2017).

4

To the extent Dor claimed that a public official would torture him, the IJ did not err in finding that the record does not support such a claim.[3] The record also does not compel a conclusion contrary to the IJ's conclusion that, while Dor might be the victim of a gang attack, he did not show a clear probability of harm based on his status as a deportee or his drug conviction. See IJ's Dec. at 13. A news article and a U.S. Department of State travel advisory reflect that kidnappings for ransom are prevalent and that gang members target everyone. A.R. at 301, 315. The evidence does not reflect that Dor in particular is likely to be harmed. See Zubeda v. Ashcroft, 333 F.3d 463, 478 (3d Cir. 2003) (explaining that while gross or mass human rights violations are a relevant factor, reports of generalized brutality do not necessarily allow a petitioner to sustain his burden under the CAT).

Dor challenges the IJ's ruling that he did not show that the Haitian government would acquiesce to harm by gang members. Because the record supports the finding that Dor did not establish a likelihood of harm, it is unnecessary to consider this argument. Dor also asserts that his counsel was ineffective on various grounds. However, we lack jurisdiction to review his claim because he did not raise it on appeal to the BIA. See 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies).

Insofar as Dor contends that his mother and his daughter's mother were precluded from testifying at his merits hearing, the record does not support that contention. The IJ

---

[3] Dor states that government officials killed his cousin in 1999 or 2000. He did not raise

5

noted that documentary evidence related to his mother's medical condition and testimony related to his financial support of his child were not relevant to the issues before the Court. Counsel did not seek to present their testimony. See A.R. at 197-201. Dor also argues that he was denied an interview before an asylum officer. This argument lacks merit. As the Government states in its brief, Dor was placed in removal proceedings under 8 U.S.C. § 1229a and afforded a full evidentiary hearing before the IJ.

Dor also appears to dispute the IJ's conclusion that he did not qualify for asylum and withholding of removal because his fear of harm was not on account of a protected ground – race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1231(b)(3). The IJ explained that, to the extent Dor claimed he would be harmed as a deportee, a person with relatives in the United States, or a person who does not know the country, such persons do not constitute a "particular social group." Dor has not shown any legal error in this regard. See Toussaint v. Att'y Gen., 455 F.3d 409, 418 (3d Cir. 2006) ("criminal deportees are not recognized as a social group"); see also S.E.R.L. v. Att'y Gen., 894 F.3d 535, 552 (3d Cir. 2018) (explaining that to be "particular" a group must have "'discrete and . . . definable boundaries'") (citation omitted).[4]

_____

his cousin's death before the IJ and he does not explain how it puts him at risk of harm.
[4] The IJ also explained that such persons do not have "social visibility." While that term has been replaced with the term "social distinction," there is no indication that the IJ misapplied the standard, which asks whether society perceives a category of individuals as a distinct group. See id. at 550-51.

Accordingly, we will deny the petition for review.